IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARÍA MARGARITA ONDINA-GORDO,

    **Plaintiff**,

              **v.**     Civil No. 20-1351 (FAB)

BANCO SANTANDER, S.A., *et al.*,

    **Defendants.**

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

Banco Santander, S.A. ("Banco Santander") moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure and 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 28) For the reasons set forth below, Banco Santander's motion is **GRANTED**.

**I.  Background**

Plaintiff María Margarita Ondina-Gordo ("Ondina") filed this complaint, alleging that the defendants infringed her constitutional rights in violation of 42 U.S.C. § 1983 ("section 1983"). (Docket No. 1) On September 15, 2003, Ondina and her husband borrowed $230,880.00 from Santander Mortgage Corporation to purchase a residential property in San Juan, Puerto Rico (the "property"). (Docket No. 1, Ex. 3 at p. 10) After Ondina defaulted

---

[1] Sarah Román, a second-year student and Northwestern University School of Law, assisted in the preparation of this Memorandum and Order.

on the loan, Banco Santander commenced a foreclosure of mortgage action before the Puerto Rico Court of First Instance, San Juan Superior Division.  Id.; see Banco Santander de Puerto Rico v. Luis Orlando-Cardona Pagán, et al., Civil No. KDC2016-2513 (902). On December 19, 2019, Banco Santander purchased the property at a judicial sale.  (Docket No. 1 at p. 3)  The Court of First Instance issued an order confirming the judicial sale on January 22, 2020. (Docket No. 1)

Ondina purports that defendants Banco Santander, FirstBank Puerto Rico, and Santander Financial Services misused judicial procedure to take possession of her property wrongfully.  (Docket No. 1)  Banco Santander moved to dismiss the complaint pursuant to Rule 12(b)(6).  (Docket No. 28)  Ondina responded.  (Docket No. 36)

**II.  Standard of Review**

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual material "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Courts adopt a two-step approach when resolving a motion to dismiss. First, a court "isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).  Second, a court

"take[s] the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief." Id. "The relevant question for a district court in assessing plausibility is not whether the complaint makes any particular factual allegations but rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 55 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 569 n.14).

### A.   Section 1983

Ondina asserts a section 1983 claim and supplemental state law causes of action. Section 1983 sanctions "a private right of action for violations of federally protected rights." Marrero-Gutiérrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007). The Supreme Court has held that section 1983 does not confer substantive rights, "but provides a venue for vindicating federal rights elsewhere conferred." Marrero-Sáez v. Municipality of Aibonito, 668 F. Supp. 2d 327, 332 (D.P.R. 2009) (Casellas, J.) (citing Graham v. M.S. Connor, 490 U.S. 386, 393-94 (1989)). To prevail on her section 1983 claim, Ondina must demonstrate that: (1) she was deprived of a constitutional right; (2) that a "causal connection exists between [the defendants' conduct] and the

Civil No. 20-1351 (FAB)                                                  4

[constitutional deprivation]; and (3) that the challenged conduct was attributable to a person acting under color of state law." Sánchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009) (citing 42 U.S.C. § 1983).

**III. Discussion**

The harm allegedly sustained by Ondina is the wrongful taking of her property without due process of law.  It is axiomatic that section 1983 applies exclusively to state actors.  42 U.S.C. § 1983.  "When the named defendant in a section 1983 case is a private party, the plaintiff must show that the defendant's conduct can be classified as state action."  Jarvis v. Vill. Gun Shop, Inc., 805 F.3d 1, 8 (1st Cir. 2015) (citation omitted).  Private parties qualify as state actors "[o]nly in rare circumstances." Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4–5 (1st Cir. 2005).  To determine state actor status, courts employ the state compulsion test, the nexus/joint action test, or the public function test.  Id. (citation omitted).

Ondina has failed to clarify how the defendants controlled the relevant state entities or acted pursuant to color of law. The theory of liability set forth in the complaint presupposes that the defendants commandeered the Court of First Instance to deprive Ondina of her property.  She contends that:

>Banco Santander Puerto Rico, through the marshal (who merely signed the Minutes of Action prepared by [the] Banco Santander Puerto Rico attorney, filling only the blanks of his name, and date) and the notary public ... usurped the power and jurisdiction of the judge assigned to the mortgage foreclosure case to make determinations and issue orders.

Docket No. 36 at p. 13; 30 L.P.R.A. § 6144. Because Ondina fails to allege that the defendants are state actors, dismissal of the section 1983 cause of action is warranted. See Haddad v. Baker, 138 F. Supp. 3d 78, 80 (D. Mass. 2015) ("[N]owhere in the Complaint does Haddad allege that any of these three Defendants acted under color of law. For this reason alone, the complaint fails to state a claim under § 1983.").

The complaint also avers that the deed of judicial sale should be null and void due to a delay in the judicial confirmation order. (Docket No. 1 at p. 17) This delay purportedly allowed the defendants to control judicial officials. (Docket No. 1) The complaint is devoid, however, of any allegation suggesting that the defendants controlled the Court of First Instance or conspired with one another to appropriate her property by circumventing the foreclosure procedures set forth in the Civil Code. See Laws P.R. Ann. tit. 30, §§ 2701 et al. A valid foreclosure sale does not contravene section 1983. See Zebrowski v. Wells Fargo Bank, N.A., 657 F. Supp. 2d 511, 522 (D.N.J. 2009) (dismissing a section 1983 claim because the "Plaintiffs do not allege any facts indicating

Civil No. 20-1351 (FAB)                                                6

a conspiracy between Defendant [bank] and state officials to violate Plaintiffs' civil rights or an imposition of Defendant's [foreclosure] judgment upon state officials."); <u>Nanya-Nashut ex rel Hand v. Centex Home Equity Corp.</u>, Case No. 03-3661, 2003 U.S. Dist. LEXIS 25174 *5 (E.D. Pa. Dec. 1, 2003) (holding that "[e]ven when a bank and an attorney utilize state foreclosure procedures, that will not constitute state action"); <u>Estades-Negroni</u>, 412 at 4 ("If the plaintiff fails to allege facts sufficient to establish either the deprivation of a federal right or that the defendant or defendants acted under color of state law, then the § 1983 claim is subject to dismissal.").

**IV.  Supplemental Claims**

Ondina's local law claims, if any, are undeveloped or do not provide a reference to legal remedy.  She states that the Deed of Sale executed on December 19, 2019, violated Article 107 of the Mortgage Law of Puerto Rico, because the sale proceeded without issuance of a judicial confirmation.  (Docket No. 1 at p. 1)  This law provides, however, that the Court of First Instance shall "issue an order confirming the award or sale of the mortgaged properties" after "the auction is held."  Laws P.R. Ann. tit. 10, § 2725; <u>see</u> <u>In re Santana</u>, No. 18-07127 (ESL), 2020 Bankr. LEXIS 179 *13 (Bankr. D.P.R. Jan. 24, 2020) ("The court ... finds that the state court [judicial] confirmation requirement of Article 107

Civil No. 20-1351 (FAB)                                                7

does not intend to halt the sale or transfer of the property, as clarified through Article 112.")  (Lamoutte, Bankr. J.). Accordingly, the Puerto Rico law claims misconstrue the applicable legal framework.

Moreover, the Court possesses discretion in exercising supplemental jurisdiction and may decline to do so if "all claims over which it has original jurisdiction" are dismissed.  28 U.S.C. § 1367(c); see, e.g., Cruz-Caraballo v. Rodríguez, 113 F. Supp. 3d 484, 493 (D.P.R. 2015) ("With no valid federal-law claims against defendants remaining, the Court, having considered these factors, declines to retain supplemental jurisdiction.") (Besosa, J.).  In deciding whether to decline supplemental jurisdiction, courts consider several factors, including "fairness, judicial economy, convenience, and comity." Desjardins v. Willard, 777 F.3d 43, 45 (1st Cir. 2015).  Because the section 1983 is dismissed pursuant to Rule 12(b)(6), the Court declines to exercise supplement jurisdiction regarding the Puerto Rico causes of action.

**V.   Conclusion**

For the reasons set forth above, the Banco Santander's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.  (Docket No. 28)  Plaintiff's section 1983 claim is **DISMISSED WITH PREJUDICE**.  Her state law claims are **DISMISSED WITHOUT PREJUDICE**.  Judgment shall be entered accordingly.

Civil No. 20-1351 (FAB)                                                8

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 8, 2021.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE